### Roland M. MICHAUD, et al.

### v.

### CITY OF WOONSOCKET, et al.

### No. 94–352–A.

Supreme Court of Rhode Island.

*April 20, 1995.*

Douglas Rose, Woonsocket.

Marc DeSisto, Providence.

### ORDER

This case came before a panel of the Supreme Court on April 18, 1995, pursuant to an order that directed the plaintiff/appellant, Real Estate Property Management (REPM), to appear and show cause why its appeal should not be summarily decided.

After hearing the arguments presented to the court and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the issue will be decided at this time.

The city of Woonsocket adopted an ordinance in 1987 requiring individuals seeking building permits to pay an "impact fee." On February 12, 1991, a suit challenging these impact fees was filed. The suit was later classified as a class action suit, but on April 24, 1993, an order was entered approving a settlement that provided for distribution of the proceeds of the city's impact fee fund to the class plaintiffs.

The contractor, REPM, built homes for certain owners in Woonsocket, including the plaintiff/appellees herein who appeared *pro se*, Sandra and George Garcia, Christopher and Suzanne McGeehan, and Noel and Muriel Dubois. In accordance with its contract with each couple, REPM paid the impact fee on each house. When the class action was settled, the above-named three couples filed claims with the court for a return to them of the impact fees paid on their behalf by REPM; REPM in turn sought to be the recipient of the refunded fees.

At a hearing on May 18, 1994, the trial justice found that REPM had undoubtedly passed the fee along to the homeowners in the price of the house, and therefore, granted the appellees' claims and entered an order to that effect on May 20, 1994. REPM filed a notice of appeal on May 27, 1994.

There is no question that REPM paid the impact fee in each case. The outcome of the appeal thus turns on the trial justice's finding that the contractor "passed through" the cost of the impact fee to the homeowners. A trial justice's findings are entitled to great weight by this court, and will not be disturbed absent a showing that the judge misconceived or overlooked material evidence or was otherwise clearly wrong. *Cerilli v. Newport Offshore, Ltd.,* 612 A.2d 35, 39 (R.I.1992). Based on the record in this case, it cannot be said that the trial judge erred in his findings that REPM "passed through" the impact fees to the homeowners. Therefore, the order of the trial justice was appropriate.

We note that the city of Woonsocket claimed that there was no right of appeal from the settlement order, and that because REPM was not a member of the plaintiff class it cannot be a party to seek an appeal. We are of the opinion that because the settlement specifically left open the question of who should receive payment in disputed cases, the affected parties were entitled to seek appellate review of the ruling of the trial court.

Consequently, we deny and dismiss the appeal, and affirm the judgment appealed

from. The papers in the case may be returned to the Superior Court.

SHEA, J., did not participate.